Louis Pechman (Bar No. 035931983)
Laura Rodriguez (Bar No. 150282015)
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT COURT OF NEW JERSEY

-----------------------------------------------------------------------X

OSCAR MOLINA,

                                     Plaintiff,

           -against-

CALOZ REALTY LLC d/b/a MADELEINE'S PETIT
PARIS, MADELEINE'S PETIT PARIS INC. d/b/a
MADELEINE'S PETIT PARIS, GASPARD CALOZ,
MADELEINE CALOZ, and FRANCOIS CALOZ,

                                 Defendants.

**COMPLAINT**

-----------------------------------------------------------------------X

       Plaintiff Oscar Molina ("Molina" or "Plaintiff"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Caloz Realty LLC and Madeleine's Petit Paris Inc. d/b/a Madeleine's Petit Paris, Gaspard Caloz, Madeleine Caloz, and Francois Caloz, (collectively, "Defendants") alleges:

## NATURE OF THE ACTION

      1.     Madeleine's Petit Paris is a French restaurant and catering hall with two banquet rooms, an outdoor patio and gazebo, located at 416 Tappan Road, Northvale, New Jersey 07647.

      2.     According to its website, "Madeleine's Petit Paris is a fine dining restaurant and banquet facility serving light French cuisine," and its predecessor

restaurant Chez Madeleine, "was named best French Restaurant in New Jersey by Zagat and was featured in America's Top Tables by Gourmet Magazine."

3.      Molina regularly worked between sixty-one and sixty-six hours per workweek as a cook at Madeleine's Petit Paris, but was not paid overtime wages.

4.      Molina brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C. 12:56 *et seq.* ("NJWHL") to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION

5.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

## VENUE

6.      Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, because the events set forth in this Complaint occurred at Madeleine's Petit Paris, which is located in the District of New Jersey.

## THE PARTIES

**Plaintiff Oscar Molina**

7.      Molina resides in Rockland County, New York.

8.      Defendants employed Molina as a dishwasher from in or about 2007 through in or about 2011, and as a cook from in or about 2012 through in or about August 31, 2017.

9.      Molina is an "employee" within the meaning of the FLSA.

**Defendant Caloz Realty LLC d/b/a Madeleine's Petit Paris**

10.     Defendant Caloz Realty LLC is a New Jersey corporation that owns, operates, and does business as Madeleine's Petit Paris.

11.     Caloz Realty LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12.     Caloz Realty LLC is an "enterprise engaged in commerce" within the meaning of the FLSA.

13.     Within the three years prior to the filing of this Complaint, Caloz Realty LLC had an annual gross volume of sales in excess of $500,000.

14.     Upon information and belief, Caloz Realty LLC is the corporate name of the Madeleine's Petit Paris restaurant.

**Defendant Madeleine's Petit Paris Inc. d/b/a Madeleine's Petit Paris**

15.     Defendant Madeleine's Petit Paris Inc. is a New Jersey corporation that owns, operates, and does business as Madeleine's Petit Paris.

16.     Madeleine's Petit Paris Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

17.     Madeleine's Petit Paris Inc. is an "enterprise engaged in commerce" within the meaning of the FLSA.

18.     Within the three years prior to the filing of this Complaint, Madeleine's Petit Paris Inc. had an annual gross volume of sales in excess of $500,000.

19.     Upon information and belief, Madeleine's Petit Paris Inc. is the corporate name of the Madeleine's Petit Paris banquet hall and catering facilities.

3

**Defendant Gaspard Caloz**

20.    Defendant Gaspard Caloz ("Gaspard") is an owner of Madeleine's Petit Paris.

21.    Throughout Molina's employment, Gaspard hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Madeleine's Petit Paris.

22.    Gaspard was regularly present at Madeleine's Petit Paris and made day-to-day management decisions at Madeleine's Petit Paris.

23.    Gaspard hired Molina, determined Molina's wages, and regularly paid Molina his weekly wages.

24.    Gaspard promoted Molina from his position as a dishwasher to a cook in approximately 2012.

25.    Gaspard exercised sufficient control over the operations of Madeleine's Petit Paris to be considered Molina's employer under the FLSA and NJWHL.

**Defendant Madeleine Caloz**

26.    Defendant Madeleine Caloz ("Madeleine") is an owner of Madeleine's Petit Paris.

27.    Throughout Molina's employment, Madeleine had and exercised power and authority over personnel decisions at Madeleine's Petit Paris, including directing the manner in which employees performed their daily duties and assignments, and establishing and implementing the pay practices and work and scheduling policies at Madeleine's Petit Paris.

28.    Madeleine regularly worked on the premises as a host, greeting and interacting with customers.

4

29.     Madeleine disciplined employees, often speaking to them in the restaurant's office, and, in conjunction with Gaspard and Francois Caloz, determined employees' wages.

30.     Madeleine exercised sufficient control over the operations of Madeleine's Petit Paris to be considered Molina's employer under the FLSA and NJWHL.

**Defendant Francois Caloz**

31.     Defendant Francois Caloz ("Francois") is an owner of Madeleine's Petit Paris.

32.     Throughout Molina's employment, Francois had and exercised power and authority over personnel decisions at Madeleine's Petit Paris, including the hiring of employees, directing the manner in which employees performed their daily duties and assignments, and establishing and implementing the pay practices and work and scheduling policies at Madeleine's Petit Paris.

33.     Francois regularly worked on the premises as a host, but also helped to manage the business.

34.     Francois paid Molina his weekly wages when Gaspard was unavailable.

35.     Francois hired employees, including, for example, a busboy named Jose some time in or about 2016.

36.     Francois created the schedules at Madeleine's Petit Paris, and Molina requested permission from Francois whenever he needed to adjust his schedule.

37.     Francois exercised sufficient control over the operations of Madeleine's Petit Paris to be considered Molina's employer under the FLSA and NJWHL.

FACTUAL ALLEGATIONS

38.     Defendants paid Molina $600 per week throughout his employment as a cook, from in or about 2012 through approximately August 31, 2017.

5

39.     Madeleine's Petit Paris is open for lunch from 12:00 p.m. to 2:00 p.m., and dinner from 5:30 p.m. to 8:30 p.m. Tuesday to Friday.  On Saturdays it is open from 5:30 p.m. to 9:00 p.m., and on Sundays it is open for brunch from 11:00 a.m. to 2:00 p.m. and for dinner from 2:00 p.m. to 7:00 p.m.  During the summer, Madeleine's Petit Paris closes on Sunday at 2:00 p.m.

40.     Madeleine's Petit Paris can also be reserved for private parties.

41.     Madeleine's Petit Paris is closed on Mondays.

42.     From approximately September through May each year, Molina regularly worked six days per week, Tuesday through Sunday, from approximately 10:00 a.m. to 9:00 p.m., for an approximate total of sixty-six (66) hours per workweek.

43.     During the summer months, from approximately June through August each year, Molina regularly worked six days per week, Tuesday through Saturday, from approximately 10:00 a.m. to approximately 9:00 p.m., and Sunday from approximately 10:00 a.m. to 4:00 p.m., for an approximate total of sixty-one (61) hours per workweek.

44.     Molina worked up to two hours past the restaurant's closing time because he had to clean and prepare for the following day.

45.     Defendants paid Molina in cash.

46.     Defendants paid Molina a salary of $600 per week, regardless of the exact number of hours he worked.

47.     Throughout his employment, Molina did not clock-in or out or record his work hours in any way.

48.      There was no time-keeping system in place at Madeleine's Petit Paris and Defendants did not track employee hours worked.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

49.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

50.     Defendants were required to pay Plaintiff one and one-half (1½) times his regular rate of pay for all hours he worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et. seq.*

51.     Defendants failed to pay Plaintiff the overtime wages to which he is entitled to under the FLSA.

52.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

53.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

54.     Defendants' violations of the FLSA described above have been willful and, therefore, a three-year statute of limitations applies to the matter, pursuant to the FLSA, 29 U.S.C. § 255(a).

55.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

56.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

57.     Under the NJWHL and supporting New Jersey Department of Labor Regulations, Defendants were required to pay Plaintiff one and one half (1½) times his regular rate of pay for all hours worked in excess of forty in a workweek.

58.     Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the NJWHL.

59.     Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff overtime wages.

60.     Due to Defendants' willful violations of the NJWHL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a.      declaring that Defendants violated the overtime wage provisions of the FLSA and the NJWHL;

b.      declaring that Defendants' violations of the FLSA and NJWHL were willful;

c.      awarding Plaintiff damages for unpaid overtime wages;

d.      awarding Plaintiff liquidated damages pursuant to the FLSA and NJWHL;

e.      awarding Plaintiff pre- and post-judgment interest under the NJWHL;

f.      awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

[CONTINUED ON NEXT PAGE]

g.      awarding such other and further relief as the Court deems just and

proper.

Dated: New York, New York
        March 1, 2018

By:

Louis Pechman
Laura Rodriguez
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Attorneys for Plaintiff*